■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VIVIENNE HILL, Appellant.— Appeal by defendant from a judgment of the County Court, Westchester County, rendered November 17, 1971, convicting her of grand larceny in the second degree, upon a guilty plea, and imposing sentence. Judgment reversed, on the law and the facts; guilty plea vacated; and not guilty plea reinstated. Defendant was indicted for grand larceny in the second degree and criminal possession of stolen property in the first degree. At the same time a charge of assault in the third degree was pending against her. All the charges arose out of the alleged theft of a ring. She changed her plea of not guilty to the indictment to one of guilty on the larceny count, in full satisfaction of all the charges. However, at the time of the guilty plea she stated she had not taken the ring and was pleading guilty because she was going out of her mind with the case, was seeing a psychiatrist and had attempted suicide twice, the case was "bugging" her and she wanted "to get it over with." She also claimed innocence at the time of sentence. It is apparent that defendant's own statements at the time she changed her plea should have alerted the County Court to the insufficiency of her guilty plea; and, under all the circumstances, the County Court should not have accepted her plea. It was instead its duty to refuse the plea or at the very least to question her further both with regard to her claim of innocence and as to the possible disposition of her request to change her plea (*People* v. *Serrano,* 15 N Y 2d 304). As the Court of Appeals has stated (*People* v. *Nixon,* 21 N Y 2d 338, 354), "It is not tolerable for the State to punish its members over protestations of innocence if there be doubt as to their guilt, or if they be unaware of their rights, or if they have not had opportunity to make a voluntary and rational decision with proper advice in pleading guilty" (cf. *North Carolina* v. *Alford,* 400 U. S. 25). Moreover, in our opinion, there was an improvident exercise of discretion by the County Court in its failure to order an appropriate examination of defendant, particularly in view of her remarks regarding her visits to a psychiatrist and her two attempted suicides (CPL 730.10, 730.30). Martuscello, Acting P. J., Latham, Gulotta, Christ and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. THOMAS JONES, Respondent.— Appeal by the People from an order of the Supreme Court, Kings County, entered March 18, 1971, which granted defendant's motion to suppress certain evidence. Order reversed, on the law and the facts, and motion denied. In our opinion, the evidence was discovered pursuant to a lawful search under the "Stop and Frisk" amendment to the Code of Criminal Procedure (Code Crim. Pro., § 180-a; *People* v. *Taggart,* 20 N Y 2d 335; *People* v. *Merola,* 30 A D 2d 963). Martuscello, Acting P. J., Latham, Gulotta, Christ and Benjamin, JJ., concur.