— Appeals by defendant (1) from two judgments of the County Court, Suffolk County (Copertino, J.), both rendered April 20, 1981, convicting him of robbery in the second degree under Indictment No. 2036/80 and attempted robbery in the third degree under Indictment No. 2456/80, upon pleas of guilty, and imposing sentence and (2) by permission, from an order of the same court (Vaughn, J.), dated August 19,1982, which denied his motion pursuant to CPL 440.10 (subd 1, par [e]) to vacate the foregoing judgments of conviction. Order dated August 19,1982 reversed, on the law, motion granted, judgments of conviction vacated, pleas of guilty vacated, pleas of not guilty reinstated and matters remitted to the County Court, Suffolk County, for further proceedings. Appeals from the judgments of conviction, both rendered April 20, 1981, dismissed as academic. At the sentencing, after the court indicated that it was prepared to sentence defendant to an indeterminate term of two and one-half to seven and one-half years on the robbery in the second degree conviction, rather than three to nine years, as originally promised, the defendant was invited to speak on his own behalf. He stated: “I’m in no condition to take that much time. I think it’s a lot of time * * * I would have liked if I could have gotten probation so I could have gone to church and made my way in church”. The presentence report described a letter from a privately retained psychiatrist who had examined defendant on November 22,1980, and who made a written evaluation of defendant. That examination was not for legal competency. The presentence report recounted the diagnosis of the psychiatrist that defendant was a paranoid type schizophrenic who needed hospitalization for treatment of his mental illness, and paraphrased his report to the effect that “the defendant was known to the department of Social *902 Services of the Commonwealth of Puerto Rico, as a ‘mental patient’. It was reported that he was treated for psychological disturbances, both with psychotherapy and pharmacotherapy. He describes the defendant as feeling persecuted by others, and some of his behavior is the ‘vivid implementation of his hallucinatory experiences’, therefore he is ‘bizarre, quizzical and unpredictable’ ”. The presentence report, as well as defendant’s statement at sentencing, should have alerted the court to the possibility that the defendant was an “incapacitated person” within the meaning of GPL 730.10 (subd 1). The court erred in imposing sentences without sua sponte ordering a GPL article 730 examination, notwithstanding defense counsel’s failure to request the same (see People v Hill, 39 AD2d 949). By notice of motion returnable March 15, 1982, defendant moved for an order, inter alla, pursuant to CPL 440.10 (subd 1, par [e]), vacating the judgments of conviction against him upon the ground that he was incapable of understanding or participating in the proceedings against him by reason of mental disease or defect. A hearing was held on that branch of defendant’s motion on July 19,1982, and thereafter the court denied vacatur of the judgments of conviction on that ground. Given the difficulties of determining, nunc pro tune, defendant’s fitness to proceed, the postconviction hearing, held more than one year and four months after the plea and approximately one year and three months after the sentencing, could not adequately protect defendant’s due process rights where defendant was not examined for competency at the time of the pleas and sentences (see Drope v Missouri, 420 US 162,182-183; Pate v Robinson, 383 US 375,386-387; Dusky v United States, 362 US 402, 403). Accordingly, the judgments of conviction and pleas of guilty must be vacated and the matters remitted to the County Court, Suffolk County, for further proceedings, subject to a finding that defendant is fit to proceed (CPL art 730). Gibbons, J. P., Weinstein, Bracken and Niehoff, JJ., concur.